UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COSBY, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00354-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A COURT ORDER DIRECTING ACCESS TO THE LAW LIBRARY AND COPY SERVICES BE DENIED<br><br>[ECF No. 13] |

Plaintiff Gregory Ell Shehee is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. At the time the case was filed, Plaintiff was a civil detainee. Plaintiff declined magistrate judge jurisdiction, and this matter was therefore referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's request for a court order directing access to the law library, filed May 25, 2016. (ECF No. 45.)

This action is proceeding f excessive force against Defendants Cosby and S. Valley arising from an incident that took place on January 16, 2009. Plaintiff seeks a court order directing Sheriff Margaret Mims, M. Lefors, and H. Pilarro to grant him access to the law library and copy services. The Court construes Plaintiff's motion as a request for a preliminary injunction.

///

///

1

# I.

# DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493 (citation omitted); Mayfield, 599 F.3d at 969.

Moreover, "a court has *no* power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (emphasis added); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). In this case, no defendant has yet made an appearance; the United States Marshal is still attempting to either obtain waivers of service or personally serve the named defendants, which will then trigger their obligation to file a response to the complaint. Thus, at this juncture the Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39.

In addition, the Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim for damages arising from an incident of alleged excessive force on January 16, 2009. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement,

and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).  Accordingly, Plaintiff's motion for a preliminary injunction must be denied.

## II.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a court order directing access to the law library and copy services must be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 27, 2016**

UNITED STATES MAGISTRATE JUDGE