UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>    Plaintiff,<br><br>    v.<br><br>COSBY, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00354-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO QUASH SUBPOENAS<br><br>[ECF Nos. 18, 25] |

Plaintiff Gregory Ell Shehee is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion to quash subpoenas served by Defendants, filed on August 8, 2016.  (ECF No. 18.)  Defendants filed an opposition on September 2, 2016.  Plaintiff did not file a reply within seven days, and the motion is therefore deemed submitted for review.  Local Rule 230(*l*).  On September 14, 2016, Plaintiff filed an amended motion to quash the subpoenas served by Defendants, which is essentially the same motion as previously filed.  (ECF No. 25.)

///

///

///

1

# I.
# BACKGROUND

On March 10, 2016, the Court severed Plaintiff's claim of excessive force against Defendants Cosby and S. Valley arising from an incident that took place on January 16, 2009, from his claims of excessive force against Defendants Redding and Blanco in case number 1:14-cv-00706-DAD-SAB (PC), Gregory Ell Shehee v. K. Trumbly, et.al. (ECF No. 4.)

On August 4, 2016, Defendants filed a motion to dismiss the complaint as barred by the statute of limitations. (ECF No. 17.) Plaintiff filed an opposition on August 17, 2016, and Defendants filed a reply on September 2, 2016. (ECF Nos. 19, 21.)

As previously stated, on August 8, 2016, Plaintiff filed a motion to quash the subpoenas served by Defendants, and Defendants filed an opposition on September 2, 2016. (ECF Nos. 18, 22.) Plaintiff filed an amended motion to quash on September 14, 2016. (ECF No. 25.)

# II.
# DISCUSSION

Pursuant to Federal Rule of Civil Procedure 45 allows a party to command in a subpoena to produce documents, electronically stored information, or tangible things [that] requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or file a motion to quash" pursuant to Federal Rule of Civil Procedure 45(c)(3)(A). Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005); see also Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014).

Rule 45(d)(3)(A) sets forth the bases for a court to quash or modify a subpoena, which provides, in pertinent part:

> [o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person who is not a party … to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business…., or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

1  Fed. R. Civ. P. 3(d)(3)(A). "Although irrelevance is not among the litany of enumerated reasons for
2  quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when
3  determining motions to quash a subpoena." Moon, 232 F.R.D. at 637 (citing Goodyear Tire & Rubber
4  Co. v. Kirk's Tire & Auto Servicenter, 211 F.R.D. 658, 662 (D. Kan. 2003)). Thus, in determining
5  undue burden, the Court should weigh the burden of the subpoenaed party against the requested
6  information's relevance, need of the serving party for the information, the breadth of the information
7  requested, the time period covered by the request, and the particularity with which the request is made.
8  Moon, 232 F.R.D. at 637.

9  In the operative complaint, Plaintiff contends that Defendants used excessive force on two
10  separate occasions. Plaintiff contends that he suffered serious spinal injuries, nerve damage and
11  broken ribs. Defense counsel, James C. Phillips, declares that on August 8, 2016, he caused to be
12  issued two identical subpoenas in each of these cases (instant case and companion case 1:14-cv-
13  00706-DAD-SAB (PC), Shehee v. Trumbly, et.al.), seeking essentially the same records. (Declaration
14  of James C. Phillips ("Phillips Decl.") ¶ 2, ECF No. 22.) The subpoenas were served on Coalinga
15  State Hospital and the Fresno County Jail on August 22 and 23, 2016. (Id.) Counsel's intent was to
16  obtain one set of the subpoenaed records for use in both cases. (Id.) The subpoenas requested
17  Plaintiff's medical records from Coalinga State Hospital and the Fresno County Jail (where Plaintiff is
18  presently housed) and the Hospital police department records pertaining to the two incidents of use of
19  force. (Id.) Although counsel did not submit a copy of the actual subpoenas, the Court accepts
20  counsel's representation in his declaration signed under penalty of perjury and as an officer of the
21  Court, as to the validity of such requests. See Fed. R. Civ. P. 11(b), (c). Counsel reasons that
22  "[b]ecause the subpoenaed records in this matter would be duplicative of the subpoenaed records in
23  the companion case from which these defendants were severed, defendants have subpoenaed the
24  records now, before answering and before the issuance of a discovery order simply as matter of
25  convenience to the personnel charged with copying the records." (Opp'n at 2:16-20, ECF No. 22.)

26  In his motion to quash, Plaintiff merely contends that the subpoenas invade his privacy rights
27  and create an "undue burden." (Mot. at 1, ECF No. 18.) The Court finds that Defendants' subpoenas
28  for Plaintiff's medical records from Coalinga State Hospital and the Fresno County Jail, and the

corresponding police reports relating to the incidents of the use of force, are reasonably limited in scope and relevant to the claims and defenses in this matter. Accordingly, Plaintiff's motions to quash the subpoenas shall be denied.

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions to quash the subpoenas issued by Defendants are DENIED.

IT IS SO ORDERED.

Dated: __September 16, 2016__  
_____  
UNITED STATES MAGISTRATE JUDGE