UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>        Plaintiff,<br><br>    v.<br><br>COSBY, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-00354-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR PROTECTIVE ORDER PENDING RESOLUTION OF MOTION TO DISMISS<br><br>[ECF No. 28] |

      Plaintiff Gregory Ell Shehee is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  At the time the case was filed, Plaintiff was a civil detainee.

      On March 10, 2016, the Court severed Plaintiff's claim of excessive force against Defendants Cosby and S. Valley arising from an incident that took place on January 16, 2009, from his claims against Defendants Redding and Blanco in case number 1:14-cv-00706-DAD-SAB (PC), Gregory Ell Shehee v. K. Trumbly, et.al.  (ECF No. 4.)

      Currently before the Court is Defendants' motion for a protective order pending resolution of the motion to dismiss, filed September 21, 2016.  Plaintiff filed an opposition on October 5, 2016, and the motion is deemed submitted for review.[1]  Local Rule 230(l).

---

[1] Although Plaintiff filed a notice of appeal on September 28, 2016, challenging the Court's September 19, 2016, order denying his motion to quash the subpoenas, such appeal does not divest this Court of jurisdiction.  See Estate v. Conners by Meredith v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993) (notice of appeal from a nonappealable order does not divest the

1

On August 4, 2016, Defendants filed a motion to dismiss on the grounds that the complaint against these Defendants was barred by the statute of limitations. The motion to dismiss is fully briefed and is pending review before the Court. Because Defendants filed a motion to dismiss rather than an answer, no discovery or scheduling order has been issued.

However, Plaintiff has served one set of interrogatories on each Defendant (Cosby and Valley).

Defendants seek a protective order to allow them to defer responding to the interrogatories served by Plaintiff. The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit.

The statute of limitations is an affirmative defense, and a claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006). The Ninth Circuit Court of Appeals has not announced a clear standard in which to evaluate a request to stay discovery pending a potentially dispositive motion. However, federal district courts, including this court, have applied a two-part test to determine a request for a stay. Lowery v. F.A.A., No. CIV.S 93-1352 EJG/GGH, 1994 WL 912632, at *3 (E.D. Cal. 1994). First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on

---

district court of jurisdiction); see also Nascimento v. Dummer, 508 F.3d 905 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply.")

the issue at which discovery is aimed.  <u>Id.</u>  Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery.  If the moving part satisfies these two prongs, the Court may issue a protective order.

      Here, Defendants satisfy both requirements.  First, their motion to dismiss, if meritorious, will dispose of the entire case.  Second, there is no argument that the motion dismiss to dismiss cannot be decided absent additional discovery, and Plaintiff has filed an opposition to Defendants' motion.  Accordingly, Defendants' motion for a protective order staying discovery is granted and Defendants are relieved of their obligation to file a response to Plaintiff's interrogatories.  If Defendants' motion to dismiss is denied, the Court will set a deadline for Defendants to respond to Plaintiff's discovery requests.

      Based on the foregoing, Defendants' request for a protective order staying discovery is GRANTED, pending final resolution of the motion to dismiss.

IT IS SO ORDERED.

Dated:   **November 2, 2016**

                                    UNITED STATES MAGISTRATE JUDGE