UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY ELL SHEHEE, | ) | Case No.: 1:16-cv-00354-DAD-SAB (PC) |
| Plaintiff, | ) ) | |
| v. | ) ) | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AS BARRED BY THE STATUTE OF LIMITATIONS BE GRANTED |
| COSBY, et al., | ) ) | |
| Defendants. | ) | [ECF No. 17] |
| | ) ) | |

Plaintiff Gregory Ell Shehee is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. At the time the case was filed, Plaintiff was a civil detainee.

Currently before the Court is Defendants' motion to dismiss the complaint as barred by the statute of limitations, filed August 4, 2016.

**I.**

**RELEVANT HISTORY**

On March 10, 2016, the Court severed Plaintiff's claim of excessive force against Defendants Cosby and S. Valley arising from an incident that took place on January 16, 2009, from his claims against Defendants Redding and Blanco in case number 1:14-cv-00706-DAD-SAB (PC), Gregory Ell Shehee v. K. Trumbly, et.al. (ECF No. 4.)

Thus, this action is proceeding on Plaintiff's claim excessive force against Defendants Cosby and S. Valley arising from an incident that took place on January 16, 2009.

As previously stated, on August 4, 2016, Defendants filed a motion to dismiss the complaint as barred by the statute of limitations. (ECF No. 17.) Plaintiff filed an opposition on August 18, 2016, and Defendants filed a reply on September 2, 2016. (ECF Nos. 19, 21.) Accordingly, the motion to dismiss is deemed submitted for review without oral argument. Local Rule 230(*l*).

## II.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

///
///
///
///
///

## III.

## DISCUSSION

### A. Summary of Plaintiff's Second Amended Complaint

Plaintiff is presently confined at the Fresno County Jail. However, the incidents described in the complaint occurred while Plaintiff was a patient (civil detainee) at Coalinga State Hospital, a facility of the State of California's Department of State Hospitals.

On January 16, 2009, Defendant Cosby and several other officers used excessive force on Plaintiff despite the fact that Plaintiff was not involved in a fight involving two other individuals. Plaintiff contends specifically that Psych Tech Ryan Homel stated loudly that Plaintiff was not involved, he just had eye surgery. Despite this, Defendant Cosby and fourteen other officers pulled Plaintiff to the ground in a chock hold. Defendant Cosby deliberately put his knee in Plaintiff's spine as Plaintiff was already on the ground. Plaintiff felt the pop crusting of his spine. Psych Tech Ryan was calling for the officers to stop, but Defendant Cosby put both his hands around his head and neck.

Plaintiff claims on this same date, Defendant S. Valley, Psych Tech, failed to protect and intervene during the assault of Plaintiff by Defendant Cosby. Plaintiff contends that Defendant Valley stood in the medication room and witnessed the assault by Defendant Cosby and the other officers.

### B. Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d

at 927.  California's equitable tolling statute applies to both prisoners and civil detainees.  Id.  Section 352.1 of the California Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability" while the plaintiff is in state prison, and the tolling may not exceed two years.  Accordingly, the statute of limitations in this case would be tolled for no more than two years.  Moreno v. Thomas, 490 F.Supp.2d 1055, 1061 (C.D. Cal. 2007).  For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts."  Hsu v. Mt. Zion Hospital, 259 Cal.App.2d 562, 571 (1968).

Here, Plaintiff's complaint raises allegations under 42 U.S.C. § 1983 that Defendants' violated his Fourteenth Amendment rights by failing to protect him from excessive and, with regard to Defendant Cosby, subjecting him to the use of excessive force.  Plaintiff alleges that the events giving rise to his claim took place on January 16, 2009.  (ECF No. 8, at 8.)  However, as previously mentioned, Plaintiff's complaint was originally filed on May 12, 2014, in case number 1:14-cv-00706 (prior to severance of moving defendants in this action).  (ECF No. 1.)

As Plaintiff's complaint was filed on May 12, 2014, and the allegations in the complaint accrued on January 16, 2009, Plaintiff's complaint filed approximately 5 years and 4 months thereafter, is barred by the applicable statute of limitations, even as extended by California's equitable tolling statute.

In opposition, Plaintiff contends that in 2011 through 2014, he was declared incompetent and/or undergoing incompetency proceedings in the Fresno County Superior Court which entitles him to equitable tolling.  (Opp'n at 5-6; ECF No. 19.)  Plaintiff is incorrect.  Plaintiff's "insanity" and/or "incompetency" must exist at the time the claim accrues to toll the limitations period.  Cal. Code Civ. Proc. § 357 ("Disability must exist when right of action accrued.  No person can avail himself of a disability, unless it existed when his right of action accrued").  Thus, once the cause of action has accrued and the statute of limitations has begun to run, no later disability can suspend it.  Larsson v. Cedars of Lebanon Hosp., 97 Cal.App.2d 704, 707 (1950); see also Singer v. Paul Revere Life Ins. Co., No. CV 14-08700 MMM (MRWx), 2015 WL 3970284, at *4 (C.D. Cal.); Calloway v. Scribner, No. 1:11-cv-00803 DLB PC, 2014 WL 6819872, at *3 (E.D. Cal.).  Here, Plaintiff's cause of action

clearly accrued on January 16, 2009, the date he was subjected to the alleged excessive force by Defendant Cosby for which Defendant Valley failed to intervene. Plaintiff's alleged incompetency/insanity proceedings occurred two years after his claims against Defendants Cosby and Valley accrued. Therefore, Plaintiff's alleged incompetency/insanity did not toll the limitations period, and Defendants' motion to dismiss the action as barred by the statute of limitations should be granted.

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss the action as barred by the statute of limitations be granted; and
2. The instant action be dismissed.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 13, 2017**

UNITED STATES MAGISTRATE JUDGE